FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

MAY 2 2 2000

CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GERALD F. GARCIA,

    Plaintiff,

v.                                                   Civ. No. 99-607 RLP/LFG

HSJ HOLDINGS, INC., SILVERMAN GROUP,
a/k/a SILVERMAN GROUP RETAIL CONSULTANTS,
HENRY SILVERMAN JEWELERS, INC.,
d/b/a SILVERMAN'S FACTORY JEWELERS,
d/b/a SILVERMAN'S MANUFACTURERS OF
FINE JEWELRY, and THOMAS CARL STOLTZNER,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the court on two motions to dismiss, filed by Defendants Silverman Retail Consultants, Inc. and Silverman Consultants, Inc. Because the procedural history overlaps for both motions, the court addresses both in this memorandum opinion and order.

On May 28, 1999 Plaintiff filed this action against his former employer, Henry Silverman Jewelers, Inc., various apparently-related companies, and a co-worker, Defendant Stoltzner. Prior to any responsive pleadings being filed, Plaintiff filed his First Amended Complaint [Doc. 14], naming the same defendants in the caption.[1]

On December 22, 1999 Judge Garcia entered an order [Doc. 42] allowing Plaintiff to file a Second Amended Complaint, which was filed on January 7, 2000 [Doc. 43]. The

---

[1] Plaintiff states that his First Amended Complaint was filed in response to Defendant Henry Silverman Jewelers, Inc.'s Motion for More Definite Statement. That pleading was never filed with the court because counsel for Defendant failed to follow Local Rule 7.3.



caption for the Second Amended Complaint appears as it does above, except that it did not include Defendant HSJ Holdings, Inc. Seven days later, without leave of the court, Plaintiff filed his Third Amended Complaint [Doc. 44]. The caption on this complaint added a defendant in the caption following Silverman Group Retail Consultants, "a/k/a Silverman Retail Consultants, Inc." On March 24, 2000 Plaintiff filed his Fourth Amended Complaint [Doc. 54], yet again without leave of court. The caption on that pleading reads:

> Silverman Consultants, Inc., Silverman Consultants, Silverman Group, a/k/a Silverman Group Retail Consultants, a/k/a Silverman Retail Consultants, Inc., Henry Silverman Jewelers, Inc., d/b/a Silverman's Factory Jewelers, d/b/a Silverman's Manufacturers of Fine Jewelry, and Thomas Carl Stoltzner, Defendants.

Thus, Plaintiff's Fourth Amended Complaint added two new defendants, Silverman Consultants, Inc. and Silverman Consultants. It should be noted at this juncture that in none of the four filed complaints were the factual allegations revised; only the caption names were changed.

In his Fourth Amended Complaint, Plaintiff states that the reason for that amendment (and presumably the third amendment) is that the corporations' names kept changing. In support of this allegation, he attaches a document from the Texas Secretary of State so indicating.[2] In Judge Garcia's Order allowing the filing of a second amended complaint, the court noted that Defendant Henry Silverman Jewelers, Inc. was now a defunct corporation and that Plaintiff had alleged that the Silverman Group controlled the corporation and that the Silverman Group could be held jointly or severally liable. The

---

[2] In none of his case captions, nor in the allegations of any of the complaints, does Plaintiff identify the state of incorporation of any of the business entities.

court then said: "Assuming [Plaintiff] has a factual predicate for his allegations, he may properly file and serve a second amended complaint." Order [Doc. 42] at 2.

"Generally speaking, an amendment that has been filed or served without leave of court or consent of the defendants is without legal effect. [Citations omitted.] It follows, then, that only an amended complaint that is in effect--that is, properly filed pursuant to the requirements of Rule 15--can supersede the original." *Murray v. Archambo*, 132 F.3d 609, 611-12 (10th Cir. 1998). Here, the Third and Fourth Amended Complaints [Doc. 44 and 54] were filed without leave of the court and are, therefore, of no legal effect. Thus, any new defendants named in those two complaints are not parties to this action. Those "defendants" are: Silverman Retail Consultants, Inc., Silverman Consultants, Inc., and Silverman Consultants.[3]

Although leave should be freely given to amend a complaint, *see* Fed.R.Civ.P. 15, the court will order stricken the Third Amended Complaint and the Fourth Amended Complaint because it is clear that these amended pleadings are being filed to keep up with name changes and the complaints themselves contain no allegations of liability. The court will entertain a motion to amend the complaint if, as Judge Garcia said earlier, Plaintiff has a factual predicate for so amending.

---

[3] Of these named defendants, Silverman Retail Consultants, Inc. was served with process [Doc. 45] and has filed a Motion to Dismiss [Doc. 52]. The motion is based on lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2). Silverman Consultants, Inc. has also filed a Motion to Dismiss, based on Plaintiff's failure to seek leave of court to file the Fourth Amended Complaint and lack of jurisdiction over subject matter, over person, and for failure to state a claim, Fed.R.Civ.P. 12(b)(1)(2) and (6).

Finally, the court notes that Judge Garcia indicated that Defendant HSJ Holdings, Inc. had not been served within the 120-day time limit and that the claims against HSJ Holdings were ripe for dismissal without prejudice. The court will so order.

IT IS THEREFORE ORDERED that the Third Amended Complaint [Doc. 44] and the Fourth Amended Complaint [Doc. 54] are stricken from the court record and the Clerk of the Court shall so note;

IT IS FURTHER ORDERED that HSJ Holdings, Inc. is dismissed without prejudice;

IT IS FURTHER ORDERED that Silverman Retail Consultants, Inc.'s Motion to Dismiss [Doc. 52] is denied as moot because Silverman Retail Consultants, Inc. is not a party to this action;

IT IS FURTHER ORDERED that Silverman Consultants, Inc.'s Motion to Dismiss, on the ground that the Fourth Amended Complaint was improperly filed, [Doc. 64] is granted;

IT IS FURTHER ORDERED that the case caption for this cause shall be as stated in the Second Amended Complaint.

IT IS SO ORDERED.

Richard L. Puglisi
United States Magistrate Judge